**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT V. GUNDERSON, JR. and ANNE D. GUNDERSON, | No. 10-17688 |
| Plaintiffs - Appellants, | D.C. No. 1:08-cv-00533-KSC |
| v. | |
| MAUNA KEA PROPERTIES, INC., a Hawaii corporation and MAUNA KEA DEVELOPMENT CORP., a Hawaii corporation, | MEMORANDUM[*] |
| Defendants - Appellees, | |
| v. | |
| COUNTY OF HAWAII, | |
| Third-party-defendant. | |
| ROBERT V. GUNDERSON, JR. and ANNE D. GUNDERSON, | No. 11-16403 |
| Plaintiffs - Appellants, | D.C. No. 1:08-cv-00533-KSC |
| v. | |
| MAUNA KEA PROPERTIES, INC., a | |

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Hawaii corporation and MAUNA KEA
DEVELOPMENT CORP., a Hawaii
corporation,

    Defendants - Appellees,

 v.

COUNTY OF HAWAII,

    Third-party-defendant.

Appeal from the United States District Court
for the District of Hawaii
Kevin S. Chang, Magistrate Judge, Presiding

Argued and Submitted February 18, 2014
Honolulu, Hawaii

Before: HAWKINS, McKEOWN, and BEA, Circuit Judges.

This action arises out of the inland relocation of a shoreline trail across Lot 29, which was retained by property-developer Mauna Kea Properties, Inc. and Mauna Kea Development Corp. (collectively, "Mauna Kea") as a buffer lot between certain private lots within the development and the ocean. Robert and Anne Gunderson ("Gundersons") own Lot 8, which abuts Lot 29. As relocated, the trail remains on Mauna Kea's property, but now passes much closer to Lot 8's property line and is more visible from the Gundersons' residence, and vice versa, whence arises this case.

2

The Gundersons claim the relocation of the trail was improper for: (1) violating an earlier settlement agreement to which they were not a party (the "Akau Settlement"), (2) violating the restrictive covenants that affect Lots 8 and 29, (3) violating Hawaii law (H.R.S. §7-1), (4) violating federal law (National Trails Systems Act, 16 U.S.C. §§ 1241–1251), and (5) that Mauna Kea should be estopped from moving the trail due to promises made when selling Lot 8 to the Gundersons. The district court granted summary judgment to Mauna Kea on all claims, and awarded them approximately $200,000 in attorneys' fees. The Gundersons appeal both the merits determination and the attorney fee award. We affirm.

The district court did not err by concluding that the relocation of the trail was required by the county of Hawaii and within its authority to do so. Importantly, the trail the County ordered relocated was *not* the trail described as Easement 3 in the Akau Settlement or subdivision plan, and moreover, the County took no actions to invalidate such easement. Rather, pursuant to an independent obligation of Mauna Kea to provide lateral shoreline access under the County's existing use permit and variance, the County required Mauna Kea to close the unauthorized shoreline trail

(created by the Gundersons)[1] and to grant an easement for an additional public access path that deviates slightly inward from the Easement 3 location.[2]

Nor did the district court err by granting summary judgment on the Gundersons' estoppel claim. An informal path had developed across Lot 8 prior to the Gundersons' purchase, and there were numerous letters between the Gundersons and Mauna Kea clarifying that this was not the proper location of the trail, that the trail was supposed to be wholly within Lot 29, and that it would be permissible to move the trail off Lot 8 and to the correct location of Easement 3. However, there is no evidence Mauna Kea promised that this could be the *only* location of a trail on Lot 29, and, in fact, Mauna Kea specifically represented its understanding that the trail could be located anywhere on Lot 29. Moreover, as the district court held, the sales contract contained an integration clause and thus any promises or agreements not

---

[1] *See* County of Hawaii Planning Dep't Rule 11-12(b) ("Any structure or activity prohibited within the shoreline setback area that has not received appropriate approvals or a shoreline setback variance or that has not complied with conditions of said variance shall be removed or corrected.").

[2] We further note that the remedy that the Gundersons *do* seek–an injunction to move the trail back to its pre-2007 location–is wholly unsupported by the Akau Settlement, subdivision plan, restrictive covenants, and existing county permits because: (1) they do not describe a trail in that seaward location, but describe the centerline of Easement 3, and (2) they do not indicate Easement 3 must be the *only* public access path on Lot 29.

contained in the contract are not actionable. *See Akamine & Sons, Ltd. v. Am. Sec. Bank*, 440 P.2d 262, 266 (Haw. 1968).

The district court properly held that the Gundersons waived any claim under H.R.S. Section 7-1. Section 7-1 serves to ensure that the traditional practices of native Hawaiians enumerated in that section remain "available to those who wish to continue those ways." *PASH v. Hawaii Cnty. Planning Comm'n*, 903 P.2d 1246, 1270 (Haw. 1995). The Gundersons' complaint contained no mention of this statute and no allegations that Mauna Kea somehow impeded the Gundersons' ability to conduct any of these traditional Hawaiian practices.

The district court also correctly concluded the trail at issue is not currently encompassed by the National Trails Systems Act. Even assuming that the shoreline trail at issue here is part of the Ala Kahakai trail, only components of a historic trail which are on federally-owned lands are included as federal protection components; no land outside a federally administered area can be acquired without the landowner's consent. 16 U.S.C. §§ 1242(a)(3) & 1244(a)(22)(D). Although the Gundersons argue the 1981 Akau Settlement can constitute a "written cooperative agreement" within the meaning of the statute, 16 U.S.C. § 1246(e), the settlement preceded the statute by nearly twenty years and understandably fails to reference the Ala Kahakai trail or evince any intent of voluntary participation in the system.

5

The district court did not abuse its discretion by awarding attorneys' fees to Mauna Kea. A substantial portion of the Gundersons' complaint and motion for summary judgment sought enforcement of various provisions of the CC&Rs against Mauna Kea. Section 12.5 of that document explicitly provides: "If any court proceedings are instituted in connection with the right of enforcement and remedies provided in this Declaration, the prevailing party shall be entitled to recover from the losing party its costs and expenses in connection therewith, including attorneys' fees."

Although within its discretion to disallow fees for Mauna Kea's failure to comply with Local Rule 54.3, the court determined that Mauna Kea's "block billing" was sufficiently descriptive to allow the court to determine what tasks were performed and whether the amount spent was reasonable. *See Prof'l Programs Grp. v. Dep't of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994) (departure from local rules that affects substantial rights requires reversal). The district court also explained which types of fees were excluded or reduced, how it calculated the rate for each attorney, and how many hours each attorney reasonably spent working on compensable claims; the court's explanation was sufficient to permit meaningful appellate review and was not an abuse of discretion. *See McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009).

6

We need not address the Gundersons' final claim that the district court used an incorrect value for purposes of calculating the 25% cap on attorneys' fees under Hawaii law. *See* H.R.S. § 607-14. Whether the court should have used the $1 million damage allegation in the complaint or the $5 million figure from the Gundersons' response to interrogatories is irrelevant because the court awarded less than 25% of either figure.

**AFFIRMED.**